IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MJM REAL ESTATE INVESTMENTS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-416-MAC-CLS |
| | § | |
| GREAT LAKES INSURANCE SE and | § | |
| ALACRITY SOLUTIONS GROUP LLC, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT ALACRITY'S UNOPPOSED MOTION TO DIMISS (Doc. #12)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72. Pending before the court is Defendant Alacrity's Unopposed Motion to Dismiss. (Doc. #12.)

Plaintiff filed suit in state court against Defendants on September 13, 2023. (Doc. #2.) On November 16, 2023, Defendant Great Lakes filed its original answer in which is elected to accept whatever liability Defendant Alacrity might have under Texas Insurance Code §542.006(a), warranting automatic dismissal of Alacrity under Texas state law. (Doc. #3.) At the same time, Defendant Great Lakes removed this case to federal court on diversity grounds, meaning the substance of Texas Insurance Code §542.006(a) applies, but not the procedure which calls for automatic dismissal. *See, e.g.*, *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (applying Texas Insurance Code §542A.006 substantively in a

federal diversity suit).  At the case management conference on February 12, 2024, Defendants were advised to file an appropriate motion requesting dismissal of Defendant Alacrity.  Defendant Alacrity Solutions Group filed the instant unopposed motion on February 16, 2024.  (Doc. #12.)

After review of the record, Defendant Great Lakes has properly elected to accept any liability Defendant Alacrity may have related to the claims brought by Plaintiff.  TEX. INS. CODE Ann. § 542A.006 (West).  The instant motion (doc. #12) should, therefore, be **GRANTED**, and Defendant Alacrity should be **DISMISSED** from this action.  Any claims that Plaintiff has against Defendant Alacrity should be considered claims against Defendant Great Lakes.

### Objections

Due to the unopposed nature of this motion, the undersigned notes that the parties may file appropriate notice that they waive the objection period. *Cunningham v. Matrix Fin. Servs.*, LLC, No. 4:19-CV-896-ALM-CAN, 2020 WL 2858810, at *3 (E.D. Tex. May 12, 2020*), R&R adopted*, No. 4:19-CV-896, 2020 WL 2850153 (E.D. Tex. June 1, 2020).  In the absence of waiver, the following rules govern objections.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 19th day of March, 2024.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE